SLIP OPINION



Cite as 2013 Ark. App. 481

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-12-1105

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL–MISSISSIPPI COUNTY, INC. d/b/a BAPTIST MEMORIAL HOSPITAL–BLYTHEVILLE, and d/b/a BAPTIST MEMORIAL HOSPITAL-OSCEOLA    APPELLANTS | **Opinion Delivered**   SEPTEMBER 11, 2013 APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. CV-03-380] |
| V. | HONORABLE RANDY F. PHILHOURS, JUDGE |
| MADHU KALYAN, M.D.    APPELLEE | DISMISSED WITHOUT PREJUDICE |

## DAVID M. GLOVER, Judge

This case arises out of a contractual dispute between the parties, Baptist Memorial Hospital–Mississippi County, Inc. d/b/a Baptist Memorial Hospital–Blytheville, and d/b/a Baptist Memorial Hospital–Osceola (BMH), appellants, and Dr. Madhu Kalyan, M.D., appellee. BMH filed its complaint against Dr. Kalyan on December 1, 2003, alleging breach of contract and seeking damages. Dr. Kalyan answered the complaint on March 16, 2004, denying the breach and asserting affirmative defenses. On December 4, 2009, Dr. Kalyan filed an amended answer and a counterclaim. The counterclaim contained two counts: Count I alleged that BMH negligently recruited Dr. Kalyan, and Count II alleged alternatively that BMH misrepresented material facts to Dr. Kalyan while recruiting him,

both of which he alleged resulted in damages to him. BMH unsuccessfully moved to strike Dr. Kalyan's amended answer and counterclaim.

The case was tried by a jury on October 24–26, 2011. The parties stipulated certain facts and exhibits, including the stipulation that Dr. Kalyan received $228,350.74 from BMH in connection with the physician agreement and promissory note and that he had not repaid those amounts. The case was submitted to the jury with a verdict form containing three interrogatories: 1) Do you find from a preponderance of the evidence that Dr. Kalyan breached the contract with Baptist Memorial Hospital? [Yes]; 2) Do you find from a preponderance of the evidence that Baptist Memorial Hospital should be estopped from enforcing the contract against Dr. Kalyan? [No]; and 3) How much are the damages Baptist Memorial Hospital is entitled to recover from Dr. Kalyan? [$46,478.38]. The jury thus concluded that Dr. Kalyan breached his agreement with BMH, that BMH was not estopped from enforcing the contract with Dr. Kalyan, and that Dr. Kalyan owed BMH $46,478.38 in damages.

Even though the case was tried in October 2011, the judgment was not entered until September 5, 2012. The judgment quotes the verdict form but does not specifically address the two counts raised in the counterclaim. We have not been provided with any other court order dismissing the counterclaim, despite BMH's assertion in its argument that "Dr. Kalyan dismissed his counterclaim."

In between the October 2011 trial and the September 5, 2012 entry of the judgment, BMH filed a motion for judgment notwithstanding the verdict.[1]  The motion was denied on September 7, 2012, and BMH filed its notice of appeal on October 1, 2012, contending that the trial court erred in denying its motion for JNOV.

We conclude that the judgment is not final and appealable because Dr. Kalyan's counterclaim has not been dismissed in a written order.  Ark. R. Civ. P. 54(b)(2).  Without a final and appealable judgment, we are without jurisdiction to hear this appeal. Consequently, we dismiss the appeal without prejudice.

Dismissed without prejudice.

WOOD and BROWN, JJ., agree.

*Philip Hicky, II, Ltd.*, by: *Philip Hicky, II* and *Jessica J. Trail*, for appellants.

*Bearden Law Firm*, by: *Mike Bearden*, for appellee.

---

[1]Ark. R. Civ. P. 50(b)(2) provides in pertinent part, "A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered."